**ALPHA XI OMEGA—HUMAN RESOURCES AKADEMY, INC., Appellant,**

v.

**LEASE PLAN, INC., Appellee.**

**No. 21081.**

Court of Appeals of Texas, Dallas.

June 30, 1982.

---

3. *Bell v. State*, 433 S.W.2d 443 (Tex.Cr.App. 1968).

4. *Hurt v. State*, 480 S.W.2d 747 (Tex.Cr.App. 1972).

L. A. Bedford, Jr., Dallas, for appellant.

Thomas J. Colven, III, Graham & Bright, Dallas, for appellee.

Before GUITTARD, C.J., and FISH and ALLEN, JJ.

GUITTARD, Chief Justice.

After trial without a jury, Lease Plan, Inc., recovered judgment against Nan McKnight and Alpha Xi Omega—Human Resources AKAdemy, Incorporated, for payments due on the lease of a vehicle. The lease purports to be signed by McKnight individually and on behalf of Alpha Xi. Only Alpha Xi appeals, contending that there is no evidence to support an implied finding that McKnight had apparent authority to sign on its behalf. We hold that a finding of implied authority is not supported by evidence that McKnight had signed an earlier lease of the same vehicle by authority of Alpha Xi. Accordingly, we reverse and render judgment denying recovery against Alpha Xi.

The facts are undisputed. Alpha Xi operated a child care center, of which Nan McKnight was executive director. The vehicle in question, a Dodge van, had been leased to Richard Menchaca, another employee of the center. Menchaca advised George Burrell, president of Lease Plan, that Alpha Xi would like to lease the vehicle. Burrell then spoke with the project director for Alpha Xi, who confirmed this information and said that Nan McKnight was the executive director and was authorized to sign the lease. The board of directors of Alpha Xi specifically authorized McKnight to sign it. This lease, which is dated June 14, 1979, provides for monthly payments of $97.55 and further provides that it "expires after 8/17/79." It is signed as follows:

Alpha Xi Omega—Human Resources AKAdemy, Inc.

by (s) Nannie D. McKnight, Ex-Director.

After this lease was signed, Alpha Xi used the van in operating the child care center and made all the payments provided.

The second lease was signed under circumstances established by the testimony of Nan McKnight. After termination of the first lease, McKnight spoke to Cindy Lee, an employee of Lease Plan, saying that she was interested in purchasing the van individually for herself and her husband. Lee

advised that in order to purchase the vehicle, McKnight would have to apply for credit on a form to be sent to her. McKnight received the form, filled it out, and carried it to Lee at the office of Lease Plan. Some time in September McKnight was notified to come into the office and sign the lease. She went to the office, where she found the papers already made out. She was given no choice between a purchase agreement and a lease. Following the instructions of Lease Plan's employee, she signed the papers without reading them and left within five minutes. She did not advise Lease Plan that she had no authority to sign for Alpha Xi because she had previously explained that she was interested in purchasing the vehicle for herself. The lease names "Alpha Xi Omega—Human Resources AKAdemy, Inc." as lessee and is signed as follows:

Lessee: Nan McKnight, Individually

X (s)  Nan McKnight
_____

Alpha Xi Omega – Human Resources AKAdemy

by_(s)  Nan McKnight_____  Inc.
　　Signature　　　　　Title

The second lease was signed for Lease Plan by its president, Burrell, without further contact with McKnight or anyone else connected with Alpha Xi. Neither Cindy Lee nor any other employee of Lease Plan testified about any dealings with McKnight concerning the second lease. Although there is evidence that Lee is no longer employed by Lease Plan, there is no evidence that she was not available to testify. Thus, McKnight's testimony that she advised Lee that she was interested in the van for herself rather than for Alpha Xi stands unrefuted. McKnight's testimony about applying for credit is corroborated by her individual credit application, which is in evidence.

■ Lease Plan argues that since McKnight was executive director of Alpha Xi and was authorized to sign the first lease, Lease Plan could rely on continuation of that authority in the absence of notice to the contrary by Alpha Xi. In support of this contention, Lease Plan cites *Sorenson v. Shupe Bros. Co.*, 517 S.W.2d 861 (Tex.Civ. App.—Amarillo 1974, no writ). That rule cannot apply here because Lease Plan had notice that McKnight was not acting for Alpha Xi in signing the second lease. The undisputed evidence establishes that Nan McKnight informed Cindy Lee, the employee of Lease Plan with whom she dealt, that she wanted to acquire the van for herself and her husband. Since no contention is made that Lee was not acting in the scope of her employment, we hold that notice to her was notice to Lease Plan. *Great American Mortgage Investors v. Louisville Title Insurance Co.*, 597 S.W.2d 425, 432 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.); *Bouldin v. Woosley*, 525 S.W.2d 276, 279 (Tex.Civ.App.—Waco 1975, no writ). Moreover, Lease Plan could not reasonably rely on McKnight's authority to bind Alpha Xi on a two month lease for use of its child care center as evidence of her authority to bind Alpha Xi on a twenty-four month lease for her individual use. Consequently, we hold that the evidence does not support an implied finding that McKnight had apparent authority to bind Alpha Xi on the second lease.

■ Although Burrell testified that McKnight signed as a guarantor, there is no evidence supporting this conclusion. Nothing in the lease indicates that she signed in that capacity; neither does the evidence show any agreement or understanding for a guaranty. Since she had advised Lease Plan that she was interested in purchasing the vehicle for her own use, it is more reasonable to infer that she intended to sign as the primary party and that Lease Plan so understood.

The judgment is reversed insofar as it awards recovery by Lease Plan against Alpha Xi, and by Alpha Xi against Nan McKnight, and judgment is rendered that Lease Plan taking nothing against Alpha Xi. The judgment by Lease Plan against McKnight is undisturbed.